IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CURTIS JAMES McGUIRE<br>TDCJ-CID No. 2004589, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:23-CV-0137-Z-BR |
| UNIT CLASSIFICATION DEPT., | § § § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS COMPLAINT

Due to Plaintiff's failure to pay the filing fee and otherwise comply with orders issued in this case, the Magistrate Judge hereby recommends that the District Judge DISMISS this Complaint, as set forth below.

Plaintiff Curtis James McGuire, acting *pro se* and while a prisoner in the San Saba Unit of TDCJ, filed suit pursuant to 42 U.S.C. § 1983. (ECF No. 3). Because he filed this action while a prisoner, McGuire is subject to the Prison Litigation Reform Act ("PLRA"). The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Under the PLRA, prisoners may not file an action without prepayment of the filing fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)).

On September 28, 2023, the undersigned issued Findings, Conclusions, and a Recommendation ("FCR") to dismiss the Complaint filed in this action for failure to pay the filing fee because McGuire had sufficient funds in his trust account with which to pay the fee. (ECF 13). On October 18, 2023, Plaintiff submitted a letter to the Court Clerk, stating that he had requested

1

that the filing fee be withdrawn from his account, but it would take six weeks to process and send the funds. (ECF 26). Accordingly, on October 24, 2023, the Court withdrew its FCR and granted an extension of time to pay the filing fee. (ECF 28). The Court warned McGuire that, if the Court had not received the filing fee by November 29, 2023, it would again recommend dismissal of his lawsuit. However, as of the date of this FCR, the Court has not received the filing fee.

The undersigned finds that Plaintiff's failure to comply with this Court's orders as set forth above warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (Section 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citation omitted).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Complaint filed by Curtis James McGuire (ECF No. 37) be DISMISSED without prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 18, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).